NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| OMAR D.F.A., | : | Civil Action No. 19-20909 (JMV) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| WILLIAM ANDERSON, | : | |
| Respondent. | : | |

It appearing that:

1. Petitioner Omar D.F.A.[1] ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On November 26, 2019, while he was detained at Essex County Correctional Facility, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet")).

2. Petitioner is a native and citizen of Mexico who entered the United States on an unknown date, who has not been admitted or paroled. (D.E. No. 13-1 at 1, Respondent's Answer ("Answer")).

---

[1] Petitioner is identified herein only by his first name and the first initials of his surnames in order to address certain privacy concerns associated with § 2241 immigration cases. This manner of identification comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

3.  On September 17, 2019, ICE took Petitioner into custody and served him with a Notice to Appear in removal proceedings, which charged that he is removable from the United States pursuant to Section 212 (a) (6) (a) (i) of the Immigration and Nationality Act, as "[a]n alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (D.E. No. 13-1 at 1, Answer, Notice to Appear).

4.  On September 25, 2019, Petitioner filed a motion for a bond hearing in the U.S. Immigration Court.  (D.E. No. 13-5 at 1, Answer, Ex., Decl. of Elizabeth Burgus).

5.  Thereafter, Petitioner withdrew his request for bond on October 19, 2019.  (*Id.* at 2-3) He also had a master calendar hearing before a U.S. Immigration Judge on October 19, 2019, which was adjourned so that he could seek representation.  (*Id.* at 2)  Petitioner's subsequent proceedings in Immigration Court, dated October 28, 2019, and November 13, 2019, were adjourned to allow him additional time to prepare.  (*Id.*)  Also on November 13, 2019, Petitioner filed another motion for a bond hearing, which he subsequently withdrew.  (*Id.*)  Petitioner's subsequent master calendar hearings dated December 11, 2019, January 2, 2020, were adjourned because of Petitioner's counsel's failure to appear and to allow Petitioner additional time to prepare.  (*Id.*)  On January 21, 2020, Petitioner filed an application for relief from removal with the Immigration Court.  (*Id.*)  On January 23, 2020, Petitioner appeared with counsel for a master calendar hearing which was adjourned to May 18, 2020, after counsel rejected the earliest possible hearing.  (*Id.*)

6.  In the instant Petition for a Writ of Habeas Corpus, Petitioner argues that he is not subject to mandatory detention because, *inter alia*, he does not have a criminal record and the case

2

stemming from his 2019 arrest was dismissed on October 23, 2019.  (*Id.* at 6-7)  He further

argues that the Immigration Judge refused to hear his arguments in support of bond.  (*Id.* at 7)

7.    Respondent acknowledges that Petitioner has been in discretionary immigration

detention since September 2019 pursuant to 8 U.S.C. § 1226(a), but argues that the Petition should

be dismissed because he has not sought redetermination of his custody status before an

Immigration Judge as he is required before raising a custody challenge in district court.  (D.E. No.

13, Answer, 4).    Respondent further argues that despite Petitioner's contention that the

Immigration Judge refused to hear his request for bond determination, it was Petitioner who

repeatedly withdrew his requests for bond.  (*Id.*)

8.    Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e

is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2241(c)(3).    A federal court has subject matter jurisdiction under § 2241(c)(3) if two

requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be

"in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c) (3);

*Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9.    The Court has subject matter jurisdiction over this Petition under § 2241, because

Petitioner was detained by a custodian within its jurisdiction, at the time he filed his petition.  *See*

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484,

490-95, 500 (1973).

10.    The Court will begin by addressing Respondent's argument that Petitioner's habeas

petition before this Court is improper as he has failed to exhaust his administrative remedies.

Notwithstanding 8 U.S.C. § 1226's silence on the issue of exhaustion, courts require a showing of

exhaustion "out of concern for sound judicial discretion."  *Gillis v. Decker*, Civ. No. 1:13-CV-

0172, 2013 WL 4718913, *3 (M.D. Pa. Sept. 3, 2013) (internal quotation marks and citations

omitted).

11.   Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a), and is therefore able

to file a bond request before an Immigration Judge.   *See* 8 C.F.R. § 1236(d)(1).   Nonetheless,

despite his bond requests before an Immigration Judge, he has not explained why he repeatedly

withdrew those requests and subsequently initiated the instant proceeding.[2]

12.   Petitioner has administrative remedies available for him to exhaust and the instant

habeas petition is not the proper vehicle to address bond determination.   As such, the Court will

dismiss the petition without prejudice.   In the event that a bond determination hearing is denied

to Petitioner, he may seek appropriate relief in this Court.

13.   Also pending before the Court is Petitioner's application to proceed *in forma*

*pauperis*.   (D.E. No. 14).   Petitioner, who initially paid the $5.00 filing fee (D.E. No. 1), now

seeks leave to proceed *in forma pauperis*.   (D.E. No. 14).

14.   The prison account statement, that is required for such applications, is not certified

and Petitioner submits that the section of the form meant to be completed by a prison official was

"refused by staff."[3]   (D.E. No. 14 at 3).

---

2 This Court is not authorized to order Petitioner's release as he requests in his petition.   (D.E.
No. 1 at 8).   The Third Circuit Court of Appeals has repeatedly held that a bond hearing is the
appropriate relief for immigration detainees challenging their prolonged detention.   *See Diop v.
ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011); *see also Chaves-Alvarez v. Warden York
Cty. Prison*, 783 F.3d 469 (3d Cir. 2015).

3 The refusal was documented on Petitioner's affidavit by Alexander Cane, Esq.   Mr. Cane does
not provide any corroborating information such as, how he became aware of the refusal, the
reason for the refusal, which prison employee refused to complete the form or when the form
was provided to the prison personnel.

15.    The Court notes that Petitioner has also appended a letter from Alexander Cane, Esq.[4] that describes the instant filing as an "application for appointment of counsel."    (D.E. No. 14 at 4).    However, Petitioner's filing solely includes an affidavit of poverty and certification form. Therefore, Petitioner application to proceed *in forma pauperis* is denied.

An appropriate order follows.

Dated: 3/13/2020

s/ John Michael Vazquez
HON. JOHN MICHAEL VAZQUEZ
United States District Judge

---

4 Mr. Cane previously represented to the Court that he represents Petitioner in his removal proceeding in the Immigration Court.    (D.E. No. 1-4 at 1).    He has never entered an appearance in this matter and previously explicitly advised the Court that Petitioner is proceeding *pro se*. (*See id.*).